# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

     Plaintiff,

vs.                                                   No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,
Defendants.

and

TRANSITO TRUJILLO,

     Plaintiff,

vs.                                                   No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,
Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following discovery motions:  (i) the Plaintiff's Pro Se Motion For Protective Order Regarding Defendants' Improper Discovery Requests, filed November 22, 2005 (Doc. 65)("Motion for Protective Order"); and (ii) the Defendant APS' Motion and Brief to Compel, filed December 28, 2005 (Doc. 83)("Motion to Compel"), both filed in case number 03cv1185.  The primary issues are: (i) whether Plaintiff Transito Trujillo must reveal the identity of any individuals assisting him in the drafting and/or research of documents he has filed in his case against APS; (ii) whether Trujillo must produce documents supporting his damage claims; and (iii) whether Trujillo must produce tax returns for tax years 2002 through 2006.  Because APS has shown that the testimony of the person who is assisting Trujillo is relevant or may lead to the discovery of relevant evidence, and Trujillo has given no good reason why the testimony of this witness should be protected, the Court will grant the motion to compel Trujillo to identify his assistor.  Because discovery of the requested documents, including tax returns, is relevant to the issue of damages and Trujillo has failed to demonstrate that those documents are privileged from discovery, the Court will grant the motion, and compel production of the documents requested therein.

## PROCEDURAL BACKGROUND

In this case, Trujillo claims damages for loss of pay from 2002-2015, in an amount of over $842,000.00.  See Motion to Compel, Exhibit B at 2 (Plaintiff's Responses to Interrogatories).  He also claims damages in unspecified amounts for loss of medical and annual leave, loss of benefits, and loss of equity on an allegedly "forced sale" of his primary home.  See id. at 3.  Further, Trujillo alleges damages of $100,000.00 related to expenses he incurred in relocating his wife to Georgia after she accepted a job there.  See id.  In addition, he alleges damages for loss of enjoyment of life of "not less

than $4 million." Id.

APS served requests for production and interrogatories to which Trujillo objects.

**Request for Production No. 4**: Please produce any and all documents or other tangible items that refer, concern, or relate to the damages or expenses alleged in your complaint including, but not limited to, all documentation related to any loss sustained by you as a result of the allegations contained in your complaint.

Id. at 4. Trujillo responded:

Defendants have not provided the documents on pay, leave, and other benefits. When I receive this information, I can finalize my responses. As to my damages for loss of enjoyment to life, I will rely on testimony provided to a jury. I am in the process of collecting documentation to support costs and other losses. I will amend my response when I complete my search.

Id. at 5. Request for Production No. 10 asks: "Please provide copies of all Federal and State income tax returns filed by you individually, jointly with a spouse, and on behalf of any business you may have owned for the years 2002 through present." Id. at 6. Trujillo responded: "I object on the grounds of relevance and have filed a motion for protective order." Id. Interrogatory No. 2 asks: "Please identify every person who assisted you in drafting or researching any of your motions, briefs, pleadings, or other submissions in either 03cv1185 or 02cv1146 and, if any person assisted you, specify which person(s) assisted for each submission." Id. at 1. Trujillo responded: "I object on the grounds of relevance and have filed a motion of protective order." Id.

Trujillo filed his motion for a protective order on November 22, 2005, see Motion for Protective Order, then served his responses and objections to the discovery requests on December 2, 2005, see Plaintiff's Pro Se Response to APS' Motion and Brief to Compel Discovery, entered 12/28/2005, Doc 83, filed January 9, 2006 (Doc. 87), Exhibits 2 (Certificate of Service) and 3 (Plaintiff's Responses to APS' discovery requests). APS responded to Trujillo's objections to

discovery on December 6, 2005, <u>see</u> Defendant's Response to Plaintiff's Motion for Protective Order, filed December 6, 2005 (Doc. 68), then wrote a letter to Trujillo on December 8, 2005, seeking to confer about the deficiencies it perceived in Trujillo's responses, <u>see</u> Motion to Compel, Exhibit A (Alex Walker's letter to Trujillo dated December 8, 2002).  APS requests that Trujillo: (i) identify the person who has been assisting him, as he or she is a potential witness in Trujillo's lawsuit; (ii) produce his federal income tax returns, as they are relevant to his claims for lost wages and damages; (iii) and produce those documents related to expenses and loss of equity, etc., that were not dependent upon production of documents from APS.  <u>See id.</u> at 1-2.   APS filed its Motion to Compel on December 28, 2005, <u>see</u> Motion to Compel, citing rule 37 of the Federal Rules of Civil Procedure.[1]

## <u>LAW REGARDING DISCOVERY</u>

Discovery plays an important role in our adversarial system:  full development of the facts surrounding a matter furthers the "the purpose discovery is intended to serve -- advancing the quest for truth."  <u>Taylor v. Illinois</u>  484 U.S. 400, 430 (1988).  Under rule 26(b)(1) of the Federal Rules of Civil Procedure,

------------

[1] Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: . . . [if] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The rule is to be liberally construed to permit discovery.  See Harris v. Nelson, 394 U.S. 286, 297 (1969) (stating that "[t]his rule has been generously construed to provide a great deal of latitude for discovery").  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 508 (1947).  Under the discovery rules, a party may request any other party to produce and permit inspection and copying of "any designated documents" in the party's custody or control that "contain matters within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

Under rule 26(c) of the Federal Rules of Civil Procedure, however, a party may file a motion for a protective order, which a court may grant when it is necessary to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).[2]  See

---

[2] Rule 26(c) provides:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

Thomas v. Int'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995) (affirming issuance of protective order).

The party seeking the protective order has the burden to show "good cause" for a protective order. Fed. R. Civ. P. 26(c). See Penthouse Int'l, Ltd. v. Playboy Enter., Inc., 663 F.2d 371, 391 (2d Cir. 1981)("Where . . . the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause."); Sanyo Laser Prods. v. Arista Records, Inc., 214 F.R.D. 496, 503 (S.D. Ind. 2003)(accord); Johnson v. Gmeinder, 191 F.R.D. 638, 642 (D. Kan. 2000)(stating that "[i]t is well settled that the party seeking a protective order has the burden to demonstrate good cause to support the protective order"). To demonstrate good cause, the party seeking a protective order must submit "a particular and specific demonstration of fact, as

---

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed. R. Civ. P. 26(c).

distinguished from stereotyped and conclusory statements." <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102

n.16 (1981)(internal quotations and citations omitted).

The Supreme Court of the United States has provided lower courts with instruction regarding

how to administer discovery.

> The discovery provisions, like all of the Federal Rules of Civil Procedure, are subject
> to the injunction of Rule 1 that they "be construed to secure the just, <u>speedy</u>, and
> <u>inexpensive</u> determination of every action." (Emphasis added.) To this end, the
> requirement of Rule 26(b)(1) that the material sought in discovery be "relevant"
> should be firmly applied, and the district courts should not neglect their power to
> restrict discovery where "justice requires [protection for] a party or person from
> annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule
> 26(c). With this authority at hand, judges should not hesitate to exercise appropriate
> control over the discovery process.

<u>Herbert v. Lando,</u> 441 U.S. 153, 177 (1979). Relevancy, for purposes of discovery, encompasses

"any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).

> [T]here is no presumption in the federal rules of civil procedure that a discovery
> request is relevant. The proponent of a discovery request must, in the first instance,
> show the relevance of the requested information to the claims or defenses in the case.
> This is not a high standard because relevance is liberally construed in the context of
> discovery and, in many instances, relevance is apparent on the face of the request.
> However, where relevance is not apparent, the proponent must explain how or why
> the request is relevant.

<u>Thompson v. Jiffy Lube Int'l., Inc.</u>, No. 05-1203, 2007 WL 608343, *8 n.20 (D. Kan. February 22,

2007). Thus, if the requesting party meets its initial burden of demonstrating relevance, the burden

shifts to the party resisting discovery to establish lack of relevance by demonstrating that the

requested discovery either does not come within the broad scope of relevance as defined under rule

26(b)(1) and case law or is of such marginal relevance that the potential harm discovery would cause

outweighs the ordinary presumption in favor of broad disclosure. <u>See Seattle Times v. Rhinehart</u>,

467 U.S. 20, 35 & n.21 (1984)(noting that "discovery may seriously implicate privacy interests of litigants" and that, although rule 26(c) "contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule"); <u>Sanderson v. Winner</u>, 507 F.2d 477, 480 (10th Cir. 1974)(stating that it was unnecessary to reach the issue of privilege because the requested discovery was not relevant).

Tax returns in the possession of the taxpayer are subject to discovery.  <u>See</u> <u>St. Regis Paper Co. v. United States</u>, 368 U.S. 208, 219 (1961).  A plaintiff's "tax returns are not generally discoverable [,however,] . . . [unless the] plaintiff's income is directly in issue.  Otherwise[,] there is a public policy against an exposure."  <u>Sanderson v. Winner</u>, 507 F.2d at 480.

<u>**ANALYSIS**</u>

Trujillo has not shown good cause for the issuance of a protective order for his tax returns and the identity of the person who has assisted him in the preparation of his filings in this case.  A confidential order will protect any truly private information from misuse, and, if the person assisting him is a non-lawyer, that person could be deposed as a potential witness.  In addition, Trujillo needs to produce the documents promised in his response to Request for Production No. 4.  The Court will consider APS' motion and grant APS' motion.

## I.   TRUJILLO HAS NOT SHOWN GOOD CAUSE FOR THE ISSUANCE OF A PROTECTIVE ORDER.

Trujillo contends that his tax returns must be protected, because the information contained within them is irrelevant, and because they contain his and his family's social security numbers and "other privacy protected personal information."  Motion for Protective Order at 1.  APS has, however, demonstrated that, because the tax returns contain financial information essential to

-8-

determining the validity of Trujillo's claims for lost pay and the issue of mitigation of damages, they are relevant. Because Trujillo put his income "directly in issue," his tax returns are discoverable. See Sanderson v. Winner, 507 F.2d at 480. Further, APS has offered to "enter into a stipulated confidentiality order" that will maintain the confidentiality of the social security numbers of Trujillo and his family members. See Defendant's Response to Plaintiff's Motion for Protective Order at 3 n.1. Because Trujillo has not demonstrated good cause for issuing a protective order regarding his tax returns, the Court will deny his request for a protective order as to these items. See Gulf Oil Co. v. Bernard, 452 U.S. at 102 & n.16

Regarding APS' request that he reveal the identity of the person who has assisted him in preparing motions and other documents in this case, Trujillo contends, in a conclusory manner and without citing any on-point authority, that the information is irrelevant to his claims or APS' defenses, and that it "impermissibly delves into [his] right of association." Motion for Protective Order at 1-2. As APS points out, however, all individuals to whom Trujillo has disclosed his version of the facts underlying his claims are potential witnesses in this case, and APS has the right to depose them. See Fed. R. Civ. P. 26(b)(1)(providing that "[p]arties may obtain discovery . . . of the identity and location of persons having knowledge of any discoverable matter"). Trujillo has not demonstrated how revealing the identity of this potential witness would impinge upon his right to continue associating with that person. Because Trujillo has failed to show good cause for issuing a protective order, the Court will deny his request for such.

## II.   APS IS ENTITLED TO AN ORDER COMPELLING DISCOVERY.

Trujillo served his responses to discovery on December 2, 2005, and APS filed its motion to compel on December 28, 2005. Trujillo contends that the Court must deny APS' motion to compel

because it was not filed within twenty days of service of his objections to discovery.  Rule 26.6 of the

Local Civil Rules of the United States District Court for the District of New Mexico provides:

> A party served with objections to [] an interrogatory, [or] request for production . . . must proceed under D.N.M.LR-Civ. 37.1 within twenty (20) calendar days after an objection unless the response specifies that documents will be produced . . . .  In this case, the party must proceed under D.N.M.LR-Civ.37.1 within twenty (20) calendar days after production . . . of the documents.
>
> Failure to proceed within this time period constitutes acceptance of the objection.  For good cause, the Court may, <u>sua sponte</u> or on motion by a party, change the twenty (20) day period.

D.N.M.LR-Civ. 26.6.   By filing its response to Trujillo's motion for protective order on December

6, 2005, well within the twenty-day period provided in the local rule, APS did not accept Trujillo's

objections to discovery and preserved its right to ask the Court to compel discovery.  There was no

need, therefore, to file a motion to compel the same discovery that was the subject of Trujillo's

motion for protective order.  <u>See</u> Fed. R. Civ. P. 26(c)("If the motion for a protective order is denied

in whole or in part, the court may, on such terms and conditions as are just, order that any party or

other person provide or permit discovery.")  Because the Court has determined that Trujillo is not

entitled to a protective order for Interrogatory number 2 and Request for Production number 10, the

Court  will order Trujillo to answer the question and provide the tax returns.

Although Request for Production number 4 was not addressed in Trujillo's request for a

protective order, he promised to provide those documents.  APS' motion to compel production of

those documents is therefore timely under the express provisions of local rule 26.6.  Trujillo gives no

explanation why he has not produced relevant documents that are not dependent upon information

he seeks from APS.  The Court will compel production of those documents.

### III.     TRUJILLO MUST PAY SOME OF THE COST AND EXPENSES OF THE MOTION TO COMPEL.

APS asks the Court, under rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, to award APS its reasonable expenses incurred in making its protection order, the Court will deny any reimbursement for costs associated with that part of the motion.  Although he promised to do so, however, Trujillo has not yet provided any responsive documentation regarding his claims for loss of equity, living expenses, rent, closing costs, moving expenses, legal fees, transportation, and similar expenses.  Trujillo should have provided this information without APS needing to file a motion to secure it.  The Court will award APS reasonable fees and costs associated with that portion of its motion.  APS is awarded no expenses for any work on the motion for protective order.  APS' award for the motion to compel should not exceed twenty-five percent of the actual expenses incurred on the motion to compel.

**IT IS ORDERED** that Plaintiff's Pro Se Motion for Protective Order is denied, and that APS' Motion and Brief to Compel Discovery is granted. The Court orders the following relief: Trujillo shall answer Interrogatory number 2 and produce his tax returns for the years 2002 through 2006 (if the year 2006 returns have been prepared) within ten business days of the filing of this order. APS shall prepare and submit to Trujillo a stipulated confidentiality agreement regarding the social security numbers of Trujillo and his family members within ten business days of the filing of this order.  Trujillo shall produce the documents requested in Request for Production number 4 relating to his claims for loss of equity, living expenses, rent, closing costs, moving expenses, legal fees, production costs, transport/lodging costs to visit his spouse between 2002 and 2005, and cost of procuring an additional vehicle on or before ten business days from the date of the entry of this order.

APS is awarded its reasonable expenses, including fees, incurred in preparing that portion of the motion to compel associated with Request for Production No. 4; APS' award should not exceed twenty-five percent of the total actual expenses incurred in the motion to compel.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Transito Trujillo
Albuquerque, New Mexico

     *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

     *Attorneys for Defendants Board of Education,*
     *Albuquerque Public Schools; Joseph Vigil;*
     *Susie Peck; Anthony Griego; Bruce Smith;*
     *and Ronald Williams*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

     *Attorney for Defendant Mark Mayerstein*