# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                                                                                     No. CIV 02-1146 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
JOSEPH VIGIL and SUSIE PECK, Albuquerque
Public Schools Superintendents individually and
in their official capacities; ANTHONY GRIEGO,
Principal, Valley High School, individually and in
his official capacity; BRUCE SMITH, Valley High
School Assistant Principal, individually and in his
official capacity; RONALD WILLIAMS, Director
of Certified Staffing, Albuquerque Public Schools,
individually and in his official capacity; and MARK
MAYERSTEIN, Valley High School employee,
individually and in his official capacity,
Defendants.

and

TRANSITO TRUJILLO,

    Plaintiff,

vs.                                                                                                                                                      No. CIV 03-1185 JB/LFG

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
MARK MAYERSTEIN, Senior ROTC
Instructor, and ANTHONY GRIEGO,
Valley High School Principal, in their
official and Individual capacities,
Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Albuquerque Public Schools' Motion and Brief for Reconsideration or Alternatively, for Additional Briefing, filed December 22, 2006 (Doc. 95 in 03cv1185). The primary issue is whether the Court should reconsider its order denying summary judgment to Albuquerque Public Schools ("APS") on Plaintiff Transito Trujillo's claims for retaliation brought under Title VII, which relate to Trujillo's decertification and resultant termination. The Court will deny reconsideration.

APS contends that all of Trujillo's claims for retaliation, including claims based on actions that may have resulted in Trujillo's decertification, were raised and addressed in case number 02cv1146, and are, therefore, res judicata in case number 03cv1185. The Court disagrees. As the Court noted in its opinion denying summary judgment to APS, the "specific instances" of adverse action Trujillo alleged against APS in his first complaint were placing "him on administrative leave with pay and . . . [sending] him a Letter of Understanding." Memorandum Opinion and Order at 13, filed November 21, 2006 (Doc. 91)("November 21, 2006 Order"). Trujillo's first federal complaint dealt with allegations made in his first two Equal Employment Opportunity Commission ("EEOC") complaints. In his second federal case, Trujillo "alleged that the Defendants 'set up Plaintiff for decertification by the Air Force so they would have pretext to terminate him, without just cause, by providing derogatory information to the Air Force.'" Id. The second complaint deals with Trujillo's allegations associated with his third EEOC complaint, and focuses on his decertification and termination. Trujillo could not file a federal complaint, or amend his first complaint, alleging the adverse actions of causing decertification and termination until he had exhausted his administrative remedies by filing a separate EEOC complaint and meeting administrative requirements. See

2

Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003)(noting that the principle that an EEOC plaintiff need not file additional EEOC claims if they allege a continuing violation of a prior claim is no longer valid law).

The Court recently issued an opinion reconsidering its grant of summary judgment on the Title VII retaliation claims against APS and its agents, acting in their official supervisory capacities, in the first case, and agreed that Trujillo had presented sufficient evidence to make a prima facie showing that APS agents retaliated against Trujillo because of his Title VII activities and support of his wife's EEOC claim by giving him negative military evaluations and distributing negative employment memoranda to Air Force Junior Reserve Officer Training Corps ("AFJROTC") officials that were likely to affect Trujillo's future employment prospects. See Memorandum Opinion and Order at 15-16, 3, 33, filed May 31, 2007. This claim differs from Trujillo's claim in his second case because the prima facie showings and damages are different. While the evidence supporting the retaliation claim in the first case also supports Trujillo's claim in his second case, the claims are not identical. See Martinez v. Potter, 347 F.3d at 1211 ("'[T]he existence of past acts . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.'")(quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)).

APS contends that res judicata bars Trujillo's claims for Title VII retaliation in his second case, because Trujillo argued in his first case that APS retaliated against him by providing derogatory information that resulted in his decertification and therefore all Title VII retaliation claims related to his decertification were addressed and rejected. When Trujillo argued in the first case, however, that the derogatory information APS agents provided to the AFJROTC headquarters

3

resulted in his decertification, see Plaintiff Transito Trujillo's Response to Motion for Summary Judgment on Qualified Immunity at 12, filed August 27, 2003 (Doc. 51), that argument was made in response to the individual Defendants' assertion that Trujillo could not establish they violated Trujillo's First Amendment rights because he could not show a causal connection between Trujillo's termination and any alleged retaliation, see Memorandum Brief in Support of Defendants Joseph Vigil, Susie Peck, Anthony Griego, Bruce Smith, and Ronald Williams' Motion for Summary Judgment at 9, filed August 11, 2003 (Doc. 42).  At that point, Trujillo had not filed his second complaint against APS for conspiracy to cause his decertification and resultant wrongful termination.  See Complaint for Employment Discrimination, Retaliation, and Reprisal (Wrongful Termination), filed October 12, 2003 (Doc. 1 in 03cv1185).  Similarly, in response to APS' identical contention in its motion for summary judgment on the Title VII retaliation claims that "there is no evidence in the record that APS' decision to terminate Plaintiff was a result of retaliation for allegedly supporting his wife's EEOC charge," Memorandum in Support of Motion for Summary Judgment at 9, filed October 9, 2003, Trujillo contended that Mayerstein's formal record of counseling addressed matters "that were never a concern till Plaintiff filed his EEOC complaint," and that "the time period from Plaintiff's conversation with Mayerstein regarding his wife's [EEOC] case and Mayerstein's first Memorandum for the Record was a mere couple of weeks."  Response by Plaintiff Transito Trujillo to Motion for Summary Judgment by APS Defendants at 6-9, filed October 27, 2003 (Doc. 81).   He did not argue, as APS suggests, that he was raising claims associated with his alleged wrongful termination.  Because of the confusion APS' defense -- that Trujillo could not demonstrate that his termination was the result of retaliation -- caused, the Court confirmed at a hearing in January 2004 that Trujillo's claims for Title VII retaliation resulting in his

4

decertification and termination were not a part of Trujillo's first case.  See November 21, 2006 Order at 17-18.  That Trujillo filed subsequent claims for retaliation after he was terminated "does not negate the relevance of allegedly retaliatory incidents as to which administrative remedies have not been exhausted."  Martinez v. Potter, 347 F.3d at 1211.  Nor did res judicata bar subsequent retaliation claims arising from a decision that did not fully address those claims.

**IT IS ORDERED** that APS' Motion and Brief for Reconsideration or Alternatively, for Additional Briefing, is denied.

_____
UNITED STATES DISTRICT JUDGE

Transito Trujillo
Albuquerque, New Mexico

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendants Board of Education,*
    *Albuquerque Public Schools; Joseph Vigil;*
    *Susie Peck; Anthony Griego; Bruce Smith;*
    *and Ronald Williams*

Sean Olivas
Keleher & McLeod
Albuquerque, New Mexico

    *Attorney for Defendant Mark Mayerstein*